# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ROBERT ALLAN COWAN,

    Petitioner,

v.                                                 Case No. 3:22-cv-1369-TJC-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.

## ORDER

**I.   Status**

Petitioner, Robert Allan Cowan, an inmate of the Florida penal system, initiated this action, with help from counsel, by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. Petitioner challenges a state court (Duval County, Florida) judgment of conviction for which he is serving a life term of incarceration. Id. at 1. Respondent filed a Response (Doc. 8) with exhibits (Docs. 7-1 to 7-14; Docs. 8-1 to 8-3), arguing that the Petition is untimely filed and requesting dismissal of

this case with prejudice. Petitioner filed a counseled Reply. Doc. 11. This case is ripe for review.[1]

## II.  One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The Court finds that "further factual development" is unnecessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**III.   Analysis**

On March 12, 2014, following a jury trial, the trial court adjudicated Petitioner guilty of two counts of lewd or lascivious molestation and one count of sexual battery, and sentenced him to a life term of incarceration as to each count. Doc. 7-1. Petitioner, with help from appellate counsel, sought a direct appeal, and on May 19, 2015, the First District Court of Appeal issued a written opinion affirming his judgment and convictions. Doc. 7-2. The First DCA stated:

3

> PER CURIAM.
>
> In this direct appeal, appellant claims the trial court erred by failing to make the required findings of reliability pursuant to section 90.803(23), Florida Statutes (2009), when it ruled the child victim's out-of-court statements were admissible at trial. We agree with the state that this claim is not preserved for appeal because appellant failed to make a contemporaneous objection to the lack of findings. Elwell v. State, 954 So. 2d 104, 109 (Fla. 2d DCA 2007); accord Rodriguez v. State, 120 So. 3d 656 (Fla. 1st DCA 2013); McCloud v. State, 91 So. 3d 940, 941 (Fla. 1st DCA 2012). Accordingly, we affirm.
>
> AFFIRMED.

Doc. 7-2; see also Cowan v. State, 165 So. 3d 58 (Fla. 1st DCA 2015). The First DCA denied Petitioner's motion for rehearing on June 18, 2015. See Doc. 7-2.

Because the First DCA issued a written opinion, Petitioner could have sought discretionary review with the Florida Supreme Court within thirty days. See Fla. R. App. P. 9.120(b); see also Florida Star v. B.J.F., 530 So. 2d 286 (Fla. 1988) (holding that the Florida Supreme Court has subject-matter jurisdiction to review any decision of a district court of appeal that expressly addresses a question of law within the four corners of the opinion, even if the Florida Supreme Court ultimately denies a petition for discretionary review). Petitioner did not seek review with the Florida Supreme Court, and so Petitioner's judgment and sentences became final when the time to seek that review expired

4

– Monday, July 20, 2015.[2] See Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."); Spivey v. Sec'y, Fla. Dep't of Corr., No. 3:15-cv-23-MMH-JRK, 2019 WL 10749420, at *1 (M.D. Fla. Jan. 29, 2019) (finding that the petitioner's judgment and sentence became final after the expiration of his time to seek discretionary review in the Florida Supreme Court because the First DCA issued a written opinion on his direct appeal). Petitioner's one-year statute of limitations began to run the next day, Tuesday, July 21, 2015, and then expired one year later on July 21, 2016, without Petitioner filing a state postconviction motion that would have tolled his limitations period.[3] Thus, the Petition, filed on December 19, 2022, is untimely filed by more than six years.

---

[2] The thirtieth day fell on Saturday, July 18, 2015, so Petitioner had until Monday, July 20, 2015, to file a petition with the Florida Supreme Court. See Fla. R. Jud. Admin. 2.514(a)(1)(C).

[3] After the expiration of his federal statute of limitations, Petitioner, with help from privately retained counsel, filed with the trial court a motion for postconviction relief under Florida Rule of Criminal Procedure 3.800(a) and a motion under Florida Rule of Criminal Procedure 3.850. Docs. 7-3, 7-7. Because there was no time left to toll, however, Petitioner's Rule 3.800(a) and Rule 3.850 motions did not toll the federal one-year limitations period. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration

5

In his reply, Petitioner argues that his Petition is timely filed. See Doc. 11. In support of that argument, Petitioner seemingly contends he could not have sought discretionary review with the Florida Supreme Court because the First DCA's per curiam opinion did not cite a "case that was pending at the Supreme Court of Florida, had been reversed, or was explicitly noted as being contrary to a holding of another district court or Supreme Court of Florida case." Id. at 3. To that end, he contends that his judgment and sentence did not become final until ninety days after the First DCA denied his motion for rehearing on direct appeal, which was when his time for seeking review with the United States Supreme Court expired. See generally id. The Court disagrees.

Here, the First DCA affirmed Petitioner's convictions in a written opinion "contain[ing] a statement or citation effectively establishing [the] point of law upon which the decision rest[ed]"; thus the Florida Supreme Court had jurisdiction to review the opinion. See Florida Star, 530 So. 2d at 288. And "[t]he fact that review in the highest court is discretionary is irrelevant; the litigant still must seek such review in order to proceed to the United States Supreme Court." Id. at 289. Petitioner could not have petitioned for review in the United States Supreme Court until the Florida Supreme Court — "the highest court" of the state — either denied review or issued an opinion, and thus Petitioner is

---

of the limitations period cannot toll that period because there is no period remaining to be tolled.").

6

not entitled to the extra ninety-day window to determine the date of finality. See, e.g., Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006) (holding that the petitioner was not entitled to the 90-day period in calculating federal habeas statute of limitations because he first did not seek review in the Georgia Supreme Court).

Petitioner does not argue that he is entitled to equitable tolling, and he alleges no facts supporting due diligence or extraordinary circumstances. See Lawrence v. Florida, 549 U.S. 327, 336 (2007); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). Nor does Petitioner assert actual innocence as a gateway to avoid enforcement of the one-year limitations period. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). As a result, the Petition is untimely and this action is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending

7

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[4]

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of November, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

Jax-7

C:   Counsel of record

---

[4] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.